UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISMAR MALAKAJ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-1089 |
| | ) |
| FOGO DE CHAO CHURRASCARIA (INDIANAPOLIS) LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Ismar Malakaj ("Malakaj"), brings this action against Defendant, Fogo De Chao Churrascaria (Indianapolis) LLC ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981.

**PARTIES**

2. Malakaj has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5. Malakaj was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(3), and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4).

7. Between January 1, 2020, and December 31, 2020, Malakaj was an "eligible employee" as that term is defined by the FMLA.

8. Malakaj had a "serious health condition," as that term is defined by the FMLA, in 2020 and 2021.

9. Since January 1, 2020, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Malakaj worked.

10. Malakaj worked 1,250 or more hours in the 12-month period preceding December 1, 2020.

11. Malakaj worked 1,250 or more hours in the 12-month period preceding January 1, 2020.

12. Malakaj satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Malakaj. He now timely files his lawsuit.

13. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

14. Malakaj is Muslim, is Bosnian, is a qualified individual with disability, has a record of a disability, and/or was regarded as disabled by the Defendant.

15. Defendant hired Malakaj as a Server in Rosemont, Illinois, in or about October 2014.

16. Defendant promoted Malakaj to Front of House Manager in Indianapolis in or about September 2018.

17. Malakaj's work performance met, and even exceeded, Defendant's legitimate expectations at all relevant times.

18. Malakaj has a disability that substantially limits him in one or more major life activities.

19. Malakaj had surgery on his hernia in or about 2014. Complications arising from the prior surgery (mesh became entwined with his colon) began to interfere substantially with his ability to defecate in or about December 2020.

20. On or about December 18, 2020, Malakaj advised Human Resources Leader Grant Rice ("Rice") about his disability and that his doctor was placing him off work on leave. Rice told him to apply for FMLA leave, and Malakaj subsequently applied for FMLA-qualifying leave and short-term disability leave. His request for leave constituted a request for a reasonable accommodation.

21. On or about January 29, 2021, Malakaj had surgery on his disability. He subsequently suffered additional complications arising from the surgery, including, but not limited to, infections.

22. Unum, Defendant's third-party FMLA administrator, approved Malakaj for FMLA leave until on or about March 26, 2021.

23. On or about March 2, 2021, Malakaj advised Area Manager Arlan Da Silva that he anticipated he could return to work on or about March 27, 2021. This notice constituted a renewal of his request for a reasonable accommodation of leave time.

24. Defendant terminated Malakaj from its manager chat lines on or about March 18, 2021.

25. On or about March 22, 2021, Chief Operations Officer Rick Lenderman, Director of Operations Neri Giachini, and Rice informed Malakaj that Defendant was firing him.

26. Defendant replaced Malakaj with Roberto Jacquinda Hernandez ("Hernandez"), a

Hispanic, who had held the full time CSR position.

27. Malakaj asked to be transferred into Hernandez's position, since Defendant was removing him as Assistant General Manager.

28. Defendant refused to transfer Malakaj into the full-time CSR position.

29. In or about late April 2021, Malakaj received a letter from Defendant stating that he was being terminated, effective May 1, 2021.

30. Malakaj previously complained to Defendant that General Manager Uelison Blaskowski, who is Brazilian, had made offensive racist statements about African Americans, including that he "fucking hated black people." Defendant took no action to remedy the racist statements.

31. Defendant took adverse employment actions against Malakaj because of his religion, his race, his national origin, his disability, his record of a disability, its perception of him being disabled, and/or his statutorily-protected activities.

32. Defendant has accorded more favorable treatment to at least one similarly-situated individual outside of Malakaj's protected classes.

33. All reasons proffered by Defendant for adverse actions it took regarding Malakaj's employment are pretextual.

34. Malakaj has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

35. Malakaj hereby incorporates paragraphs 1-34 of his Complaint.

36. Malakaj asked for reasonable accommodations.

37. Defendant did not engage in the interactive process with Malakaj and did not provide any reasonable accommodations to him, except to use his requested accommodation against him.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

39. Malakaj hereby incorporates paragraphs 1-38 of his Complaint.

40. Defendant took adverse employment actions against Malakaj because of his disability, his record of a disability, and/or its perception of him being disabled.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

42. Malakaj hereby incorporates paragraphs 1-41 of his Complaint.

43. Malakaj asked for a reasonable accommodation, thereby engaging in statutorily-protected conduct.

44. Defendant took adverse employment actions against Malakaj because of his statutorily-protected conduct.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by the ADA.

## COUNT IV

## NATIONAL ORIGIN DISCRIMINATION –TITLE VII

46. Malakaj hereby incorporates paragraphs 1-45 of his Complaint.

47. Defendant took adverse employment actions against Malakaj because of his national origin.

48. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by Title VII.

## COUNT V

## NATIONAL ORIGIN/RACE/ETHNICITY DISCRIMINATION –42 U.S.C. § 1981

49. Malakaj hereby incorporates paragraphs 1-48 of his Complaint.

50. Defendant took adverse employment actions against Malakaj because of his national origin/race/ethnicity.

51. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by 42 U.S.C. § 1981.

## COUNT VI

## RACE DISCRIMINATION –TITLE VII

52. Malakaj hereby incorporates paragraphs 1-51 of his Complaint.

53. Defendant took adverse employment actions against Malakaj because of his race.

54. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by Title VII.

## COUNT VII

## VIOLATIONS OF THE FMLA

55. Malakaj hereby incorporates paragraphs 1-54 of his Complaint.

56. Malakaj asked for FMLA leave.

57. Defendant ultimately granted Malakaj's request for FMLA leave, but only for a period of the requested leave. Defendant denied the remainder of his requested leave.

58. Malakaj took FMLA-qualifying leave.

59. Defendant took adverse employment actions against Malakaj because of his FMLA requests and/or FMLA qualifying leave.

60. Defendant interfered with Malakaj's substantive FMLA rights.

61. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's FMLA rights.

## COUNT VIII

## RELIGIOUS DISCRIMINATION –TITLE VII

62. Malakaj hereby incorporates paragraphs 1-61 of his Complaint.

63. Defendant took adverse employment actions against Malakaj because of his religion.

64. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Malakaj's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ismar Malakaj, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Malakaj to the same position, salary, and seniority, or pay front

pay and benefits to him in lieu of reinstatement;

      2.      Defendant pay lost wages and benefits to Malakaj;

      3.      Defendant pay compensatory and punitive damages to Malakaj;

      4.      Defendant pay liquidated damages to Malakaj;

      5.      Defendant pay pre- and post-judgment interest to Malakaj;

      6.      Defendant pay Malakaj's attorneys' fees and costs incurred in litigating this action;

and

      7.      Defendant pay to Malakaj any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Keenan D. Wilson, Attorney No.  32195-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@jhaskinlaw.com
Email:   kwilson@jhaskinlaw.com

Attorneys for Plaintiff, Ismar Malakaj

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ismar Malakaj, by counsel, respectfully requests a jury trial for all issues deemed triable.

        Respectfully submitted,

        John H. Haskin, Attorney No. 7576-49
        Keenan D. Wilson, Attorney No.  32195-49
        JOHN H. HASKIN & ASSOCIATES
        255 North Alabama Street, 2nd Floor
        Indianapolis, Indiana  46204
        Telephone:    (317)955-9500
        Facsimile:    (317)955-2570
        Email:       jhaskin@jhaskinlaw.com
        Email:       kwilson@jhaskinlaw.com

        Attorneys for Plaintiff, Ismar Malakaj